Anthony J. Fernandez (Bar No. 018342)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
2390 East Camelback Rd. Suite 440
Phoenix, Az. 85016
Telephone: 602-954-5605
Facsimile: 602-954-5606
afernandez@qpwblaw.com
Attorneys for Defendant
The Prudential Insurance Company of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RHONDA L. ORR,<br><br>                    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation; JOHN DOES and JANE DOES I- X, BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS.<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL** |

TO:  THE CLERK OF THE ABOVE ENTITLED COURT

Defendant, The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, pursuant to 28 U.S.C. §§1331, 1441, 1446, and Rule 3.6 of the *Rules of Practice of the United States District Court for the District of Arizona, Phoenix,* Prudential removes this case from the Superior Court of Arizona, in and for the County of Maricopa, to the United States District Court of Arizona, Phoenix.  In support of its Notice of Removal, Prudential states as follows:

### Background and Timeliness

1.     On or about November 4, 2015, Plaintiff Rhonda L. Orr ("Plaintiff") commenced a civil action against Defendant by filing a complaint in the Superior Court of the State of Arizona, in and for the County of Maricopa.[1]  The lawsuit is recorded on that court's docket as CV 2015-012591.

2.     Prudential was served on November 10, 2015.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as Exhibit A.

3.     Because Prudential has filed this Notice of Removal within thirty days of Plaintiff's service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4.     In her complaint, Plaintiff alleges that she was an employee of Xerox Corporation ("Xerox") and Prudential provided to Plaintiff, as an employee of Xerox, extended long-term disability ("LTD") insurance coverage.  (Ex. A, Compl. ¶ 7.)  Plaintiff further alleges she was insured and covered under Prudential's extended LTD policy. (Ex. A, Compl. ¶ 8.)  The gravamen of Plaintiff's complaint is that Prudential wrongfully withheld benefits under the LTD plans/policy and that Plaintiff is entitled to such benefits. (*See* Compl. ¶ 21, 23, 24.)

---

[1] Plaintiff also names "John Does and Jane Does I-X, Black Corporation I-X, and White Partnerships" as defendants.  None of these fictitious defendants have been identified or served with process in this matter.  A defendant that has not been served with process need not join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action"); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process").

22748789v.2

## Federal Question Jurisdiction

5.     Plaintiffs seek unpaid LTD benefits pursuant to an ERISA governed plan sponsored by Xerox, Plaintiff's employer. (*See generally* Ex. A.) Benefits under the plan, including the LTD benefits Plaintiff seeks, are insured by Prudential.  (Ex. A, Compl. ¶ 7, 8).

6.     Plaintiff asserts two state law claims related to Prudential's denial of her claim for unpaid LTD benefits: (1) breach of contract (Ex. A, Count I); and (2) breach of implied covenant of good faith and fair dealing (Ex. A, Count II.)

7.     The LTD benefits Plaintiff seeks are provided pursuant to an LTD insurance policy that was issued by Prudential to Plaintiff's employer, Xerox, as part of Xerox's employee welfare benefit plan. Xerox's plan is governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

8.     A true and correct copy of Group Contract No. DG-03100-CT between Xerox and Prudential and its relevant amendments is attached as Exhibit B. A true and correct copy of the booklet-certificate describing the LTD benefits Plaintiff seeks and its rider is attached as Exhibit C.  The LTD benefits Plaintiff seeks in her Complaint are LTD benefits offered by Xerox to its employees as part of its ERISA governed employee welfare benefit plan.  (*See* Exhibit C at 41.)

9.     ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

10.     As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), U.S.C. § 132(a)).

11.     A claim seeking benefits under an ERISA plan that is filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint does not on its face allege that it arises under ERISA. *See, e.g., Metro. Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

12.     Accordingly, because this action seeks LTD benefits pursuant to an ERISA-regulated plan, this action arises under federal law (specifically, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)).

13.     The Court thus has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

14.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because this District embraces the Superior Court of Arizona, in and for

22748789v.2

the County of Maricopa, the place where the removed action has been pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

15.   Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Superior Court of Arizona, and will serve a copy thereof on Plaintiffs through their counsel, pursuant to 28 U.S.C. 1446(d). (*See* Exhibit D.)

16.   Prudential submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

17.   Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b). Therefore, Plaintiff's suit is brought pursuant to a federal statute, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331. As such, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant submits that this action properly is removable based on federal question jurisdiction and respectfully request that the above-described action pending

22748789v.2

against it be removed to the United States District Court for the District of Arizona. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: November 30, 2015                    Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER

s/ Anthony J. Fernandez
Anthony J. Fernandez

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2015, I served the attached document

by U.S. Mail and email on the  following, who are not yet registered participants of the CM/ECF

System:

Richard S. Plattner, Esq. (005019)
**PLATTNER VERDERAME, P.C.**
P.O. Box 36570
Phoenix, Arizona 85067-6570
*Attorneys for Plaintiff*

Tanveer A. Shah, Esq. (030333)
**VIPER LAW GROUP**
1204 E. Baseline Road, Ste. 102
Tempe, Arizona 85283
*Attorneys for Plaintiff*

/s/ Anthony J. Fernandez

7

22748789v.2

# EXHIBIT A

the Superior Court
By Judy Baker, Deputy
Date 11/04/2015 Time 16:21:20
Description                           Amount
——— CASE# CV2015-012591 ———
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                          319.00
Receipt# 24876354

Richard S. Plattner, Esq. (005019)
**PLATTNER VERDERAME, P.C.**
P.O. Box 36570
Phoenix, Arizona 85067-6570
Tel: (602) 266-2002
Fax: (602) 266-6908
rplattner@plattner-verderame.com
*Attorneys for Plaintiff*

Tanveer A. Shah, Esq. (030333)
**VIPER LAW GROUP**
1204 E. Baseline Road, Ste. 102
Tempe, Arizona 85283
Tel: (866) 308-3982
Fax: (866) 683-3982
tanveer@viperlaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RHONDA L. ORR,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation; JOHN DOES and JANE DOES I-X, BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS,<br><br>Defendants. | Case No. CV2015-012591<br><br>**COMPLAINT**<br><br>(BREACH OF CONTRACT; BAD FAITH) |

Plaintiff Rhonda L. Orr ("Plaintiff") submits her Complaint against Defendants:

1.     Plaintiff Rhonda L. Orr is an individual who resides in Maricopa County, Arizona.

2.     Defendant The Prudential Insurance Company of America ("Prudential") is a nationwide insurance company with offices throughout the State of Arizona, both in its

1

1  own name and by or through its subsidiaries, affiliates and/or agents, and is licensed to do
2  business in the State of Arizona.

3      3.    Defendants John Does and Jane Does I-X, Black Corporations 1-X and White
4  Partnerships I-X or persons whose identities are currently unknown, but are likely to be
5  later identified as Prudential's subsidiaries, affiliates and/or agents who also wrongfully
6  contributed to causing Plaintiff harm.

7      4.    Venue in this Court is proper pursuant to A.R.S. § 12-401.

8                                  **FACTUAL ALLEGATIONS**

9      5.    Plaintiff incorporates the foregoing paragraphs as though fully set forth.

10      6.    Prudential is an insurance company that sells insurance, including but not
11  limited to, disability insurance.

12      7.    Plaintiff entered into an insurance contract (the "Contract" at times, the
13  "Policy") with Defendant for Xerox Extended Long Term Disability ("ELTD"). The
14  Policy issued by Defendant was offered to Plaintiff as an employee of Xerox, and offered
15  disability insurance coverage to begin at the expiration of the long term disability coverage
16  provided by Xerox's employee benefit plan.

17      8.    Plaintiff paid Defendant a premium to provide insurance coverage starting
18  April of 2012. Payments for this coverage were withdrawn from each of Plaintiff's
19  paychecks. Prudential accepted Plaintiff as an insured, accepted her money, and
20  promised to pay benefits as described in the insurance policy, Group Contract Number
21  DG-3100-CT, effective January 1, 2012.

22      9.    Plaintiff reasonably relied upon Defendant's representations and promises
23  contained in the policy and marketing materials.

24      10.    During all time pertinent to this Complaint, Plaintiff's insurance policy with
25  Prudential was in full force and effect.

26      11.    Plaintiff was previously employed by Xerox in Ohio from 1987 to 2004, and
27  covered by a Prudential long-term disability ("LTD") policy.

28

1      12.     During this previous employment Plaintiff became ill and made a disability

2   (LTD) claim, which Prudential denied.

3      13.     This LTD claim was ultimately settled in Ohio and Plaintiff signed a

4   settlement release in 2008.

5      14.     On April 12, 2012 Plaintiff was hired by Xerox in Arizona, at which time

6   Prudential sold and she bought the ELTD coverage described above.

7      15.     Later, plaintiff became disabled due to spine issues which required multiple

8   surgeries. Her employer, Xerox, acknowledged her disability and provided short-term and

9   LTD coverage. Earlier in 2015, recognizing that her Xerox LTD coverage would expire in

10   October 2015, Plaintiff made a claim for ELTD benefits to Prudential.  At that time and at

11   all times since plaintiff has met all the requirements to receive benefits under Prudential's

12   ELTD insurance policy.

13      16.     On or about June 29, 2015, Plaintiff received a denial letter from Prudential

14   claiming that the release she signed in Ohio in 2008 for the previous LTD claim

15   disqualified her from any future disability benefits from Prudential.  Prudential made this

16   claim despite knowing that the 2014 ELTD claim arose out of a new period of

17   employment, a new insurance policy, a different set of injuries and illnesses causing the

18   disability than had been involved in the claim settled in 2008 and that Prudential had

19   accepted plaintiff as an insured for ELTD coverage starting in 2012 and had taken her

20   payments continuously thereafter..

21      17.     On or about July 20, 2015, Plaintiff appealed Prudential's denial of coverage.

22      18.     On or about August 6, 2015, Xerox sent a letter to Plaintiff which states, in

23   part: "Therefore, you are eligible for long term disability benefits through October 13,

24   2015 and have been authorized the appropriate duration of short term disability, and long

25   term disability, benefits as allowed by Xerox."

26

27

28                                                 3

1     19.    On or about August 17, 2015, Prudential again denied Plaintiff's claim for
2 disability, maintaining its denial based on the previous settlement release Plaintiff signed
3 in February 2008.

4     20.    At no time has Prudential denied that it issued ELTD coverage to plaintiff
5 starting in 2012, or that she is not disabled, or fails to meet any other condition required by
6 Prudential's ELTD policy. The only basis ever stated by Prudential for refusing to pay
7 benefits is the 2008 settlement document.

8     21.    Prudential, by its unreasonable actions and by taking an adversarial position
9 in handling the Plaintiff's claim, has now forced Plaintiff to litigate to enforce Prudential
10 to honor its promises to her under the Policy.

11 **COUNT ONE**

12 **- BREACH OF CONTRACT -**

13     22.    Plaintiff incorporates the foregoing paragraphs as though fully set forth.

14     23.    The ELTD insurance policy which Prudential sold to plaintiff is a valid
15 contract in which Prudential promised to pay benefits in return for premium payments
16 which plaintiff made and Prudential received.

17     24.    Plaintiff suffered covered losses under the ELTD insurance policy and
18 submitted a proper application for benefits, but Prudential has refused to make the
19 promised payments in breach of the contract.

20     25.    Prudential's breach of the contract has caused plaintiff financial loss, which
21 loss is ongoing and will continue into the future. Plaintiff is entitled to recover payments
22 which are due and to accelerate and receive all payments which are expected under the
23 policy in the future. The amount of damages exceeds the jurisdictional requirements of
24 this court.

25     26.    As a direct and proximate result of Prudential's breach of contract, Plaintiff
26 is entitled to her Attorneys fees and costs pursuant to A.R.S. §12-341 and A.R.S. §12-
27 341.01.

28 4

1  **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a

2  judgment against Defendant for:

3  A.  Breach of contract;

4  B.  Compensatory, incidental, and consequential damages in an amount to be

5  proven at trial, plus interest as allowed by law;

6  C.  Pre-judgment and post-judgment interest at the statutory rate;

7  D.  Attorneys' fees and costs pursuant to A.R.S. §12-341 and A.R.S. §12-

8  341.01, including Attorneys' fees of not less than $5,000.00 pursuant to Rule 55(b)(1) of

9  the Arizona Rules of Civil Procedure in the event of judgment by default in this action;

10  E.  Attorneys' fees and costs related to any collection effort of monetary

11  damages due; and

12  F.  Such further relief as this Court may deem equitable and just.

13  **COUNT TWO**

14
15  **- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FEAR DEALING -
("BAD-FAITH")**

16
17  27.  Plaintiff incorporates the foregoing paragraphs as though fully set forth.

18  28.  Inherent in every contract of insurance is the covenant of good faith and fair

19  dealing.

20  29.  Prudential is obligated to deal in good faith with its insureds, including

21  Plaintiff.

22  30.  Prudential has failed to properly investigate Plaintiff's claim.

23  31.  Prudential has wrongfully and without reasonable basis refused to pay

24  Plaintiff's claim.

25  32.  Prudential, by its unreasonable actions, and by taking an adversarial position

26  in handling the Plaintiff's claim, forced Plaintiff into litigation to enforce the obligations

27  owed to her under the Contract.

28  5

RESPECTFULLY SUBMITTED this 4th day of November, 2015.

**PLATTNER VERDERAME, P.C.**

Richard S. Plattner, Esq.
P.O. Box 36570
Phoenix, Arizona 85067-6570
*Attorneys for Plaintiff*

**VIPER LAW GRUP**

Tanveer A. Shah
1204 E. Baseline Road, Suite 102
Tempe, Arizona 85282
*Attorneys for Plaintiff*

S:\Docs\aaaDonna files\Orr, Rhonda - insurance bad faith\Pleadings\Complaint.docx

7

.NOV 0 4 2015 FILED 4:19 pm

MICHAEL K. JEANES, Clerk
By_____
C. Baker, Deputy

1   Richard S. Plattner, Esq. (005019)
2   **PLATTNER VERDERAME, P.C.**
    P.O. Box 36570
3   Phoenix, Arizona 85067-6570
    Tel: (602) 266-2002
4   Fax: (602) 266-6908
5   rplattner@plattner-verderame.com
    *Attorneys for Plaintiff*
6
7   Tanveer A. Shah, Esq. (030333)
    **VIPER LAW GROUP**
8   1204 E. Baseline Road, Ste. 102
    Tempe, Arizona 85283
9   Tel: (866) 308-3982
10  Fax: (866) 683-3982
    tanveer@viperlaw.com
11  *Attorneys for Plaintiff*

12              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13                 **IN AND FOR THE COUNTY OF MARICOPA**

14                                              CV 2015-012591
15  RHONDA L. ORR,                       Case No.

16              Plaintiff,
                                         **CERTIFICATE OF COMPULSORY**
17      v.                               **ARBITRATION**

18  THE PRUDENTIAL INSURANCE             (Assigned to the Hon. )
    COMPANY OF AMERICA, a foreign
19  corporation; JOHN DOES and JANE DOES
    I-X, BLACK CORPORATIONS I-X;
20  WHITE PARTNERSHIPS,
21              Defendants.
22

23          The undersigned certifies that the largest award sought by complainants, including

24  punitive damages, but excluding interest, attorneys' fees, and cost DOES exceed limits set

25  by Local Rule for compulsory arbitration.   This case is NOT subject to Compulsory

26  Arbitration, pursuant to Rule 72, Arizona Rules of Civil Procedures and Rule 3.10(a),

27  Maricopa County Local Rules.

28
                                        1

1    DATED this 4th day of November 2, 2015.

2                                            **PLATTNER VERDERAME, P.C.**

3

4
                                            Richard S. Plattner
5                                           P.O. Box 36570
                                            Phoenix, Arizona 85067-6570
6                                           *Attorneys for Plaintiff*

7

8                                           **VIPER LAW GRUP**

9

10                                          Tanveer A. Shah
                                            1204 E. Baseline Road, Suite 102
11                                          Tempe, Arizona 85282
                                            *Attorneys for Plaintiff*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            2

In the Superior Court of the State of Arizona
In and For the County of Maricopa

# CV2015-012591

~~~ .. FILING ONLY
(Please Type or Print)

Plaintiff's Attorney____Richard S. Plattner____

Attorney's Bar Number_005019_____

NOV 0 4 20 FILED
4:19 pm
MICHAEL K. JEANES, Clerk
By___C. Baker____
Baker, Deputy

Is Interpreter Needed? Yes   No  X
If yes, language type:  Spanish_____

Attorney/Pro Per Signature_____
To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s):  (List all)

Rhonda Orr___

Plaintiff's Address:

c/o Plattner Verderame, P.C._____

P.O. Box 36570, Phoenix, AZ 85067-6570

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

The Prudential Ins. Co. of America

c/o AZ Dept. of Insurance, 2910 N. 44th St. 2nd Fl
Phoenix, AZ 85018

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:     Temporary Restraining Order     Provisional Remedy     OSC
    Election Challenge     Employer Sanction     Other _____

X RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

    RULE 8(i) COMPLEX LITIGATION APPLIES  Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case"
as civil actions that require continuous judicial management.  A typical case involves a large number of witnesses, a
substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box
on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
□ 101 Non-Death/Personal Injury
    102 Property Damage
    103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
□ 111 Negligence
    112 Product Liability – Asbestos
    112 Product Liability – Tobacco
    112 Product Liability – Toxic/Other
    113 Intentional Tort
    114 Property Damage
    115 Legal Malpractice
□ 115 Malpractice – Other professional
    117 Premises Liability
    118 Slander/Libel/Defamation

    116 Other (Specify)_____
**120 MEDICAL MALPRACTICE:**
    121 Physician M.D.        123 Hospital
    122 Physician D.O.        124 Other
**130 CONTRACTS:**
    131 Account (Open or Stated)
    132 Promissory Note
    133 Foreclosure
    138 Buyer-Plaintiff
    139 Fraud
X 134 Other Contract (Breach of Contract/Bad Faith)
    135 Real Property Excess Proceeds
    Construction Defects (Residential/Commercial)
        136 Six to Nineteen Structures
        137 Twenty or More Structures

January 1, 2009                                                                                                        1

**150-199 OTHER CIVIL CASE TYPES:**
  156 Eminent Domain/Condemnation
  151 Forcible Detainer
  152 Change of Name
  153 Transcript of Judgment
  154 Foreign Judgment
  158 Quiet Title
  160 Forfeiture
  175 Election Challenge
  179 Employer Sanction Action (A.R.S. §23-212)
  180 Injunction against Workplace Harassment
  181 Injunction against Harassment
  182 Civil Penalty
  186 Water Rights (Not General Stream Adjudication)
  Sexually Violent Persons (A.R.S. §36-3704)
  (Except Maricopa County)
  Minor Abortion (See Juvenile in Maricopa County)
  Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
  Administrative Review
  (See lower court appeal cover sheet in Maricopa)
  150 Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

  155 Declaratory Judgment
  157 Habeas Corpus
  184 Landlord Tenant Dispute – Other
  159 Restoration of Civil Rights (Federal)
  159 Clearance of Records (A.R.S. §13-4051)
  190 Declaration of Factual Innocence (A.R.S. §12-771)
  191 Declaration of Factual Improper Party Status
  193 Vulnerable Adult (A.R.S. §46-451)
  165 Tribal Judgment
  167 Structured Settlement (A.R.S. §12-2901)
  169 Attorney Conservatorships (State Bar)
  170 Unauthorized Practice of Law (State Bar)
  171 Out-of-State Deposition for Foreign Jurisdiction
  172 Secure Attendance of Prisoner
  173 Assurance of Discontinuance
  174 In-State Deposition for Foreign Jurisdiction
  176 Eminent Domain-Light Rail Only
  177 Interpleader-Automobile Only
  178 Delayed Birth Certificate (A.R.S. §36-333.03)
  183 Employment Dispute – Discrimination
  185 Employment Dispute – Other
□ 163 Other _____
                           (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of
no less than one of the following:

  Antitrust/Trade Regulation
  Construction Defect with many parties or structures
  Mass Tort
  Securities Litigation with many parties
  Environmental Toxic Tort with many parties
  Class Action Claims
  Insurance Coverage Claims arising from the above-listed case types

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

1    Richard S. Plattner, Esq. (005019)
2    **PLATTNER VERDERAME, P.C.**
   P.O. Box 36570
3    Phoenix, Arizona 85067-6570
   Tel: (602) 266-2002
4    Fax: (602) 266-6908
5    rplattner@plattner-verderame.com
   *Attorneys for Plaintiff*
6
7    Tanveer A. Shah, Esq. (030333)
   **VIPER LAW GROUP**
8    1204 E. Baseline Road, Ste. 102
   Tempe, Arizona 85283
9    Tel: (866) 308-3982
   Fax: (866) 683-3982
10    tanveer@viperlaw.com
11    *Attorneys for Plaintiff*

FILED
NOV 04 2015 4:19pm
MICHAEL K. JEANES, Clerk
By _____ Baker, Deputy

12         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13          **IN AND FOR THE COUNTY OF MARICOPA**

14

15    RHONDA L. ORR,            Case No. CV 2015-012591

16           Plaintiff,

17      v.                 **DEMAND FOR JURY TRIAL**

                     (Assigned to the Hon. )

18    THE PRUDENTIAL INSURANCE
19    COMPANY OF AMERICA, a foreign
   corporation; JOHN DOES and JANE DOES
20    I-X, BLACK CORPORATIONS I-X;
   WHITE PARTNERSHIPS,

21          Defendants.

22

23       Plaintiff demands trial by jury on all issues.

24

25    ////

26    ////

27    ////

28

                              1

1    DATED this ___ day of November 2, 2015.

2                                          **PLATTNER VERDERAME, P.C.**

3

4                                          Richard S. Plattner

5                                          P.O. Box 36570
                                           Phoenix, Arizona 85067-6570
6                                          *Attorneys for Plaintiff*

7

8                                          **VIPER LAW GRUP**

9

10                                         Tanveer A. Shah

11                                         1204 E. Baseline Road, Suite 102
                                           Tempe, Arizona 85282
12                                         *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    2

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

MICHAEL K. JEANES, CLERK
RECEIVED OCH
DOCUMENT DEPOSITORY

Client File # 65051
Account   # 0570
Invoice   # 248581
Liddy     # 177989-1

2015 NOV 13  AM 10: 29

**FILED**
**BY B. SALCIDO, DEP**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

RHONDA L. ORR,

                          **Plaintiff,**

vs

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, et al.,

                          **Defendant(s).**

**CERTIFICATE OF SERVICE**
**BY PRIVATE PROCESS SERVER**
**Case No. CV2015-012591**

**ORIGINAL**

**ENTITY/PERSON TO BE SERVED:** The Prudential Insurance Company of America c/o Arizona Director of Insurance, Statutory Agent

**PLACE OF SERVICE:** 2910 N. 44th St., Suite 210, Phoenix, AZ 85018

**DATE OF SERVICE:** On the ___10___ day of ___November___, 2015 at ___10:25___ AM   County ___Maricopa___

[ ] PERSONAL SERVICE   [X]   Left a copy with a person authorized to accept service.   [ ]   At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**   Served 2 sets on Director of Insurance, Statutory Agent, by serving on Amanda Buettner,

Administrative Assistant III, authorized to accept and receive service of process, in

the State of Arizona, by Director of Insurance.

on ___11/9/2015___   we received the following documents for service:

2 sets of a Summons, Complaint, Certificate of Compulsory Arbitration and Demand for Jury Trial
Tendering a service of process fee of $15.00

Received from PLATTNER VERDERAME, P.C., ( RICHARD S. PLATTNER #005019 )

PROCESS SERVER: ___Matthew Basham #8493___

The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER: _____   Date: 11/12/2015

| Item | Amount |
|---|---|
| Service of Process | $16.00 |
| Mileage | $21.60 |
| Doc. Prep Fee | $10.00 |

**Tax ID# 90-0533870**
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Total   $47.60



### Arizona Department of Insurance
## RECEIPT OF PAYMENT

*The mission of the Department of Insurance is to faithfully execute state insurance laws in a manner that protects insurance consumers and encourages robust competition and economic development.*

| Date: | 11/10/2015 |
|---|---|
| Receipt #: | 0048352 |

ADDITIONAL INFORMATION:
PRUDENTIAL INS CO OF AMERICA -
CV2015012591

| Payor/Licensee Name: | PLATTNER VERDERAME PC |
|---|---|

| Description of Fee | Amount |
|---|---|
| OTHER, SERVICE OF PROCESS FEES | $15.00 |
| **Transaction Total:** | **$15.00** |

| Payment Information | |
|---|---|
| Amount Paid by Check 42999: | $15.00 |
| Credit Tendered: | $0.00 |
| Cash Tendered: | $0.00 |
| Change Returned: | $0.00 |
| **Payment Total:** | **$15.00** |

The Arizona Department of Insurance continually works to improve service to its customers.
Please send, fax or e-mail any ideas on how we can improve to

Scott B. Greenberg, Chief Operating Officer
2910 North 44th Street, Suite 210
Phoenix, Arizona 85018-7269
Fax: 602.364.2400
e-mail: SGreenberg@azinsurance.gov.

# EXHIBIT B

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

# Group Insurance Contract

**Contract Holder:   XEROX CORPORATION**

**Group Contract No.:   DG-3100-CT**

Prudential will provide or pay the benefits described in the Group Insurance Certificate(s) listed in the Schedule of Plans of the Group Contract, subject to the Group Contract's terms. This promise is based on the Contract Holder's application and payment of the required premiums.

All of the provisions of the Group Insurance Certificate(s), attached to and made a part of the Group Contract, apply to the Group Contract as if fully set forth in the Group Contract. The Group Contract takes effect on the Contract Date, if it is duly attested under the Group Contract Schedule. It continues as long as the required premiums are paid, unless it ends as described in its General Rules. Dividends are apportioned each year.

The Group Contract is delivered in and is governed by the laws of the Governing Jurisdiction.

Secretary                                    Chairman of the Board

83500
COV 1004

(1-9)(DG-3100-CT)

# Group Contract Schedule

**Contract Date:**  January 1, 1997

**Contract Anniversaries:**  January 1 of each year, beginning in 1998.

**Premium Due Dates:**  The Contract Date, and the first day of the month beginning with February, 1997.

**Governing Jurisdiction:**  State of Connecticut

**Associated Companies:**  All Subsidiaries that have elected to participate.

**Minimum Participation Number:**  25

## INCLUDED EMPLOYERS

Included Employers under the Group Contract are the Contract Holder and its Associated Companies, if any.

An Employee of more than one Included Employer will be considered an Employee of only one of those employers for the purpose of the Group Contract.  That Employee's service with all other Included Employers will be treated as service with that one.

On any date when an employer ceases to be an Included Employer, the Group Contract will be considered to end for Employees of that employer.  This applies to all of those Employees except those who, on the next day, are still within the Covered Classes of a plan of benefits of the Group Contract as Employees of another Included Employer.  The plans of benefits for Covered Classes are listed in the Group Contract's Schedule of Plans.

---

**Table of Contents** (as of the Contract Date):  The Group Contract includes these forms with an 83500 prefix:  COV 1004, GCS 1027, SPR 1001, GR 1025(1-10), MOD 1001, SCH 1001, APP 1001

---

Attest:  _____

83500
GCS 1027

2

(DG-3100-CT)

# Schedule of Premium Rates

DG-3100-CT

**Classes of Employees to which this Schedule applies:**

All Employees

| **Applicable Coverage** | **Monthly Rate Per Employee** |
|---|---|
| All Coverages | The premium rates in effect on the Contract Date are those determined by Prudential.  Those rates will be shown on the billing notice(s) sent to the Contract Holder (subject to any subsequent corrections). |

The second paragraph of the Premium Rate Changes section of the General Rules limits Prudential's right to change premium rates.  For insurance under the Long Term Disability Coverage of the Group Contract, the following change is made to that paragraph.  The reference to the first Contract Anniversary is changed to the second Contract Anniversary.

# General Rules

## A.  PAYMENT OF PREMIUMS - GRACE PERIOD.

Premiums are to be paid by the Contract Holder to Prudential.  Each may be paid at a Prudential office or to one of its authorized agents.  One is due on each Premium Due Date stated in the Group Contract Schedule.  The Contract Holder may pay each premium other than the first within 31 days of the Premium Due Date without being charged interest.  Those days are known as the grace period. The Contract Holder is liable to pay premiums to Prudential for the time the Group Contract is in force.

## B.  PREMIUM AMOUNTS.

The premium due on each Premium Due Date is the sum of the premium charges for the insurance under the Coverages.  Those charges are determined from the premium rates then in effect and the Employees then insured.

The following will apply if one or more premiums paid include premium charges for an Employee whose insurance has ended before the due date of that premium.  Prudential will not have to refund more than the amount of the premium charges for such Employee that were included in the premiums paid for the two month period immediately before the date Prudential receives written notice from the Contract Holder that the Employee's insurance has ended.

Premiums may be determined in another way.  But it must produce about the same amounts and be agreed to by the Contract Holder and Prudential.

No premium charge will be made for an insured Employee under the Employee Long Term Disability Coverage while the Employee:

(1)  is Totally Disabled; and

(2)  is entitled, after the Elimination Period, to benefits under the Coverage.

## C.  PREMIUM RATE CHANGES.

The premium rates in effect on the Contract Date are shown in the Group Contract's Schedule of Premium Rates.  Prudential has the right to change premium rates:

(1)  As of any Premium Due Date; and

(2)  As of any date that an employer becomes, or ceases to be, an Included Employer; and

(3)  For a Coverage, as of any date that the extent or nature of the risk under that Coverage is changed:  (a) by amendment of the Group Contract; or (b) by reason of any provision of law or any governmental program or regulation; or (c) by termination of, or any change in, benefits not in that Coverage but considered in determining the premium rates for that Coverage.

But, unless the Schedule of Premium Rates or an amendment states otherwise, (1) above will not be used to change premium rates for an insurance or any part that has separate rates before the first Contract Anniversary.

Prudential will tell the Contract Holder when a change in the premium rates is made.

## D. DIVIDENDS.

Prudential will determine the share, if any, of its divisible surplus allocable to the Group Contract as of each Contract Anniversary, if the Group Contract stays in force by the payment of all premiums to that date. The share will be credited to the Group Contract as a dividend as of that date.

Each dividend will be paid to the Contract Holder in cash unless the Contract Holder asks that it be applied toward the premium then due.

Prudential's sole liability as to any dividend is as set forth above.

**Non-profit Clause:** This applies if the aggregate dividends under the Group Contract and any other group contract(s) of the Contract Holder exceed the aggregate payments toward their cost made from the Employer's own funds. The Contract Holder will see that an amount equal to the excess is applied for the benefit of insured persons.

## E. END OF THE GROUP CONTRACT OR OF AN INSURANCE.

**During or at End of Grace Period - Failure to Pay Premiums:** If any premium is not paid by the end of its grace period, the Group Contract will end when the grace period ends. The Contract Holder may request in writing that the Group Contract be ended at the end of the period for which premiums have been paid or at any time during the grace period. Then the Group Contract will end on the requested date, but in no event will it end before the date Prudential receives the written request from the Contract Holder. The Contract Holder is liable to pay premiums to Prudential for the time the Group Contract is in force.

**On a Premium Due Date - Failure to Maintain Insuring Conditions:** On any Premium Due Date, Prudential may end the part of the Group Contract for Contributory or Non-contributory Insurance under a Coverage if one or more of the following conditions then exists for that part. But notice of its intent to do so must be given to the Contract Holder at least 6 months in advance.

Contributory Insurance: The insured Employees are:

(1) less than the Minimum Participation Number; or

(2) less than 75% of the Employees who are eligible to request the insurance; or

(3) contributing at a rate higher than the maximum, if any, stated in the Group Contract for the insurance.

Non-contributory Insurance: The insured Employees are:

(1) less than the Minimum Participation Number; or

(2) contributing for the insurance.

The Minimum Participation Number is shown in the Group Contract Schedule.

**On a Contract Anniversary:** Prudential may end the Group Contract on any Contract Anniversary. But notice of its intent to do so must be given to the Contract Holder at least 6 months in advance.

**Notice of the End of a Coverage:** If any or health care Coverage of the Group Contract is to end due to the end of the Group Contract or of the part of the Group Contract providing the Coverage, the Contract Holder will take the following action. Not less than 15 days before the date the Coverage is to end, the Contract Holder will mail or deliver to each Employee who is then insured under that Coverage a notice that the Coverage will end. The Contract Holder will do this whether or not the Coverage is replaced by similar coverage under any insured or uninsured arrangement for coverage for persons in a group. But, the Contract Holder's failure to provide such notice will not be construed to extend or increase in any way Prudential's liability with respect to the Coverage that is ending.

## F.  AGE ADJUSTMENT.

If an age is used to determine the premium charge for an Employee's insurance and the age is found to be in error, the premium charge for that insurance will then be adjusted to reflect the correct age. If this adjustment results in a change in the amount of premium, any difference between the premium paid and the premium required on the basis of the correct age will be paid as follows:

(1)  If the adjustment results in an increased premium, the difference will be paid by the Contract Holder when notified by Prudential.

(2)  If the adjustment results in a decreased premium, the difference will be refunded by Prudential.

If the change in age affects the amount of the Employee's insurance under any Coverage, such amount will be changed on the basis of the correct age. Any premium adjustment will take this into account.

## G.  EMPLOYEE'S CERTIFICATE.

Prudential will give the Contract Holder an individual certificate to give each insured Employee. It will describe the Employee's coverage under the Group Contract. It will include (1) to whom Prudential pays benefits, (2) any protection and rights when the insurance ends, and (3) claim rights and requirements.

## H.  RECORDS - INFORMATION TO BE FURNISHED.

Either the Contract Holder or Prudential, as they agree, will keep a record of the insured Employees. It will contain the key facts about their insurance.

At the times set by Prudential, the Contract Holder will send the data required by Prudential to perform its duties under the Group Contract, and to determine the premium rates. All records of the Contract Holder and of the Employer which bear on the insurance must be open to Prudential for its inspection at any reasonable time.

Prudential will not have to perform any duty that depends on such data before it is received in a form that satisfies Prudential. The Contract Holder may correct wrong data given to Prudential, if Prudential has not been harmed by acting on it. An Employee's insurance under a Coverage will not be made invalid by failure of the Contract Holder or the Employer, due to clerical error, to record or report the Employee for that insurance.

## I. THE CONTRACT - INCONTESTABILITY OF THE CONTRACT.

The entire Group Contract consists of: (1) the Group Insurance Certificate(s) listed in the Schedule of Plans, a copy of which is attached to the Group Contract; (2) all modifications and endorsements to such Group Insurance Certificates which are attached to and made a part of the Group Contract by amendment to the Group Contract; (3) the forms shown in the Table of Contents as of the Contract Date; (4) the Contract Holder's application, a copy of which is attached to the Group Contract; (5) any endorsements or amendments to the Group Contract; and (6) the individual applications, if any, of the persons insured. No statement of the Contract Holder shall be used in any contest of the insurance under the Group Contract.

There will be no contest of the validity of the Group Contract, except for not paying premiums, after it has been in force for one year.

The Group Contract may be amended, at any time, without the consent of the insured Employees or of anyone else with a beneficial interest in it. This can be done through written request made by the Contract Holder and agreed to by Prudential. But an amendment will not affect a claim incurred before the date of change.

Only an officer of Prudential has authority: to waive any conditions or restrictions of the Group Contract; or to extend the time in which a premium may be paid; or to make or change a contract; or to bind Prudential by a promise or representation or by information given or received. A Prudential agent is not an officer.

No change in the Group Contract is valid unless shown in:

(1)  an endorsement on it signed by an officer of Prudential; or

(2)  an amendment to it signed by the Contract Holder and by an officer of Prudential.

But a change in the Group Contract may be made in an amendment to it that is signed only by an officer of Prudential if:

(a)  The amendment reflects a change in the Group Contract that has been automatically made to satisfy the requirements of any state or federal law or regulation that applies to the Group Contract, as provided in the Conformity With Law section. This change is known as a Statutory Amendment.

(b)  The amendment reflects a change in Prudential's administration of its group insurance benefits and is intended to apply to all group insurance contracts which are affected by the change. This change is known as a Portfolio Amendment. Prudential will give the Contract Holder written notice of its intent to make a Portfolio Amendment in the Group Contract at least 31 days in advance of the effective date of the Amendment. The Contract Holder must agree to the Portfolio Amendment in writing.

.

## J. CONFORMITY WITH LAW.

If the provisions of the Group Contract do not conform to the requirements of any state or federal law or regulation that applies to the Group Contract, the Group Contract is automatically changed to conform with Prudential's interpretation of the requirements of that law or regulation.

83500
GR 1025                                                                                                          (1-10)

83500
GR 1025

(1-10)

# Modification of the Group Contract

The Group Contract is modified to include the following section:

## END OF EMPLOYMENT

An Employee's employment ends when the Employee is no longer actively at work on a full-time basis for the Employer. But, for insurance purposes, the Contract Holder may consider the Employee as still employed and in the Covered Classes for the insurance during certain types of absences from full-time work. The Contract Holder decides which Employees with those types of absences are to be considered as still employed, and for how long. In doing this, the Contract Holder must not discriminate among persons in like situations.

An Employee may be considered as still employed up to any time limit for the Employee's type of absence. When so considered, the Employee's insurance under a Coverage will be continued only while the Employee is paying contributions for it at the time and in the amounts, if any, required by the Contract Holder (whether or not that insurance would otherwise be Non-contributory Insurance). But it will not be continued after it would end for a reason other than end of employment. The types of absences and the time limits are shown below, subject to any exceptions.

### TYPES OF ABSENCES AND TIME LIMITS:

For absence due to the Employee's disability (other than a disability for which benefits are not provided by reason of the Not Covered section of the Long Term Disability Coverage):

> There is no time limit. But, the Employee's insurance will not be continued after the Employee begins working at any job for wage or profit other than with the Employer.

An absence due to a disability for which benefits are not provided by reason of the Not Covered section of the Long Term Disability Coverage is not an eligible type of absence.

Retirement is not an eligible type of absence.

The time limit for part-time employment, for reasons other than disability, is the end of the contract month following the contract month in which the absence from full-time work starts.

For absence due to temporary layoff the time limit is the end of the contract month following the contract month in which the absence from full-time work starts.

For absence due to leave of absence, there is no time limit.

# Schedule of Plans

**Effective Date:**  January 1, 1997

**Group Contract No.:**  DG-3100-CT

This Schedule of Plans sets forth the Plan of Benefits that applies to each Covered Class under the Group Contract listed below as of the Effective Date.  The Plan of Benefits for a Covered Class is determined by: (1) the Group Insurance Certificates that apply to the Covered Class; and (2) any modification to those Certificates, provided the modification is listed below or included in an amendment to the Group Contract. A copy of each Certificate and any modification to it are attached to the Group Contract and made a part of it.

1.  **Covered Class:**

    All Employees included in the Covered Classes of the Group Insurance Certificate described below.

**Plan of Benefits that Applies to this Covered Class:**

    The Coverage(s) described in the Group Insurance Certificate:

    (a)  Prepared for Group Contract No. DG-3100-CT;
    (b)  With the Program Date of January 1, 1997;
    (c)  Bearing the code "3100-LTD-Bridge; Ed. 5/99".

2.  **Covered Class:**

    All Employees included in the Covered Classes of the Group Insurance Certificate described below.

**Plan of Benefits that Applies to this Covered Class:**

    The Coverage(s) described in the Group Insurance Certificate:

    (a)  Prepared for Group Contract No. DG-3100-CT;
    (b)  With the Program Date of July 1, 1997;
    (c)  Bearing the code "3100-LTD-29; Ed. 5/99".

83500
SCH 1001

(DG-3100-CT)

# Application to

## The Prudential Insurance Company of America (Prudential)

For Group Contract No. DG-3100-CT

**Applicant:**      XEROX CORPORATION

**Address:**      800 Long Ridge Road
                        Stamford, CT  06904-1600

The Group Contract is approved and its terms are accepted.

This Application is made in duplicate.  One is attached to the Group Contract.  The other is to be returned to Prudential.

It is agreed that this Application replaces any prior Application for the Group Contract.

-XEROX CORPORATION-

_____
(Full or Corporate Name of Applicant)

Dated at _____      By _____
                                                                      (Signature and Title)

On _____, 19_____      Witness _____
                                                                      (To be signed by Resident
                                                                      Agent where required by law)

83500
APP 1001                                                                                      (DG-3100-CT)



Group Contract
3100

Xerox Corporation

U#3100-062410, 11307-0001, 11320-0009, 11327-0003, 3100-121911

**AMENDMENT TO GROUP CONTRACT NO. DG-3100-CT**

By their signatures below, the Contract Holder and Prudential agree that the Group Contract is changed as follows:

1.  Effective January 1, 2012, the following insurance form(s) will not apply with respect to the Long Term Disability Coverage of the Group Contract:

    83500 MOD 1001 (DG-3100-CT), effective January 1, 1997                    .

2.  Each insurance form listed in Column I below is attached to this Amendment; it forms part of the Group Contract as of its Effective Date.  Each form listed in Column I replaces, as of its Effective Date, the corresponding insurance form(s), if any, listed in Column II.

    | Column I | Column II |
    |---|---|
    | These forms with an 83500 prefix: | These forms with an 83500 prefix: |
    | MOD 1001 (GR)(S-93) effective January 1, 2012 | None |
    | SCH 1001(S-1) effective January 1, 2012 | SCH 1001(S-1) effective January 1, 2011 |

Date: _____ , 20 ____         _____ - XEROX CORPORATION - _____
                                                        (Contract Holder)

Witness: _____          By: _____
                                                        (Signature and Title)

Roseland, NJ                             THE PRUDENTIAL INSURANCE COMPANY
                                                       OF AMERICA


January 6, 2012                          By: _Claire Edwards_
                                             Vice President, Contracts


83500
AMD 1001                                                                            A

# Schedule of Plans

**Effective Date:** January 1, 2012

Group Contract No.: DG-3100-CT

This Schedule of Plans sets forth the Plan of Benefits that applies to each Covered Class under the Group Contract listed below as of the Effective Date. The Plan of Benefits for a Covered Class is determined by: (1) the Group Insurance Certificates that apply to the Covered Class; and (2) any modification to those Certificates, provided the modification is listed below or included in an amendment to the Group Contract. A copy of each Certificate and any modification to it are attached to the Group Contract and made a part of it.

**Covered Class:**

All Employees included in the Covered Classes of the Group Insurance Certificate(s) listed below.

Plan of Benefits that Applies to this Covered Class:

(1)  The Coverage(s) described in the Group Insurance Certificate prepared for the Group Contract shown above:

(a)  With the Program Date of January 1, 2012

(b)  and bearing the code "3100, LTD, All Employees, Ed 10-2011, 43".

—————————————

# Modification of the Group Contract

The General Rules form of the Group Contract is modified as follows:

1.  Section C Premium Rate Changes describes what premium rates are in effect on the Contract Date, how long those rates apply and the conditions under which they may change. Those conditions include events or circumstances that change the degree of risk assumed by Prudential with respect to a Coverage. The paragraph below, which is hereby added to the General Rules, (a) further describes the factors that can change the nature and extent of that risk; and (b) limits Prudential's ability to change certain premium rates for reasons other than change in risk.

    Prudential has the right to change any premium rates of the Group Contract at any time for reasons which affect the risk assumed, including the reasons shown below:

    (1)  A change occurs in the plan design.

    (2)  A division, subsidiary or associated company is added or deleted.

    (3)  The number of insured persons changes by 25% or more.

    (4)  A new law or a change in any existing law is enacted which applies to this plan.

    Prudential will notify the Contract Holder in writing at least 31 days before a premium rate is changed. A change may take effect on an earlier date when both Prudential and the Contract Holder agree.

    _____

U# 12188-0003

**AMENDMENT TO GROUP CONTRACT NO. DG-03100-CT**

By their signatures below, the Contract Holder and Prudential agree that the Group Contract is changed as follows:

- The Notice of Change listed below is attached to this Amendment and forms part of the Group Contract as of its Effective Date.

    Notice of Change coded 83500 CNC 1001 (03100, CNC, IUOE, 08-01-2012, 49), effective August 1, 2012.

Date: _____, 20 _____          _____ - XEROX CORPORATION - _____
                                                        (Contract Holder)

Witness: _____          By: _____
                                                         (Signature and Title)

Roseland, NJ                                   THE PRUDENTIAL INSURANCE COMPANY
                                                             OF AMERICA

                                               By: _____
                                                       Vice President, Contracts

July 18, 2012

83500
AMD 1001                                                                                    A

# EXHIBIT C

# Xerox Corporation

## Long Term Disability Coverage

 **Prudential**

# Disclosure Notice

## FOR ARKANSAS RESIDENTS

Prudential's Customer Service Office:

> The Prudential Insurance Company of America
> Disability Management Services Claim Division
> P.O. Box 13480
> Philadelphia, Pennsylvania  19176
> 1-800-842-1718

If Prudential fails to provide you with reasonable and adequate service, you may contact:

Arkansas Insurance Department
Consumer Services Division
1200 West Third Street
Little Rock, Arkansas  72201-1904
1-800-852-5494

## FOR ARIZONA RESIDENTS

**Notice:  This certificate of insurance may not provide all benefits and protections provided by law in Arizona.  Please read this certificate carefully.**

## FOR FLORIDA RESIDENTS

The benefits of the policy providing your coverage are governed by the law of a state other than Florida.

## FOR INDIANA RESIDENTS

**Questions regarding your policy or coverage should be directed to:**

> **The Prudential Insurance Company of America
> (800) 842-1718**

If you (a) need the assistance of the governmental agency that regulates insurance; or (b) have a complaint you been unable to resolve with your insurer you may contact the Department of Insurance by mail, telephone or e-mail:

> State of Indiana Department of Insurance
> Consumer Services Division
> 311 West Washington Street, Suite 300
> Indianapolis, Indiana  46204
>
> Consumer Hotline: (800) 622-4461; (317) 232-2395
>
> Complaints can be filed electronically at www.in.gov/idoi.

FOR MARYLAND RESIDENTS

**The Group Insurance Contract providing coverage under this certificate was issued in a jurisdiction other than Maryland and may not provide all of the benefits required by Maryland law.**

FOR OKLAHOMA RESIDENTS

**Notice:  Certificates issued for delivery in Oklahoma are governed by the certificate and Oklahoma laws not the state where the master policy was issued.**

FOR VERMONT RESIDENTS

**The coverage provided in this certificate is not subject to regulation by the State of Vermont.**

FOR WISCONSIN RESIDENTS

KEEP THIS NOTICE WITH YOUR INSURANCE PAPERS

Problems with Your Insurance? – If you are having problems with your insurance company or agent, do not hesitate to contact the insurance company or agent to resolve your problem.

**Prudential's Customer Service Office:**

**The Prudential Insurance Company of America
Disability Management Services Claim Division
P.O. Box 13480
Philadelphia, PA  19176
1-800-842-1718**

You can also contact the Office of the Commissioner of Insurance, a state agency which enforces Wisconsin's insurance laws, and file a complaint.  You can contact the Office of the Commissioner of Insurance by contacting:

Office of the Commissioner of Insurance
Complaints Department
P.O. Box 7873
Madison, WI 53707-7873
1-800-236-8517
608-266-0103

## THIS NOTICE IS FOR TEXAS RESIDENTS ONLY

### IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

### 1-800-252-3439

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
Fax: (512) 475-1771

Web:  http://www.tdi.state.tx.us

Email:  ConsumerProtection@tdi.state.tx.us

### PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim you should contact Prudential first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

### ATTACH THIS NOTICE TO YOUR POLICY:

This notice is for information only and does not become a part or condition of the attached document.

### AVISO IMPORTANTE

Para obtener información o para someter una queja:

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas al:

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas:

P.O. Box 149104
Austin, TX 78714-9104
Fax: (512) 475-1771

Web:  http://www.tdi.state.tx.us

Email:  ConsumerProtection@tdi.state.tx.us

### DISPUTAS SOBRE PRIMAS O RECLAMOS:

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con Prudential primero.  Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

### UNA ESTE AVISO A SU POLIZA:

Este aviso es sólo para propósito de información y no se convierte en parte o condición del documento adjunto.

83500
TXN 1005

(S-1)

# Benefit Highlights

## LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability.  The amount you receive is based on the amount you earned before your disability began.  In some cases, you can receive disability payments even if you work while you are disabled.  Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | January 1, 2012 |
| **Contract Holder:** | XEROX CORPORATION |
| **Group Contract Number:** | DG-3100-CT |
| **Covered Classes:** | (1) All active, regular, full-time Employees employed by the Contract Holder who are not covered by a collective bargaining agreement between the Employer and a union, on the payroll of the Contract Holder. |
| | (2) All Employees who are covered by a collective bargaining agreement between the Employer and Union Locals 14A, 14Y, 14M, 14K and 1414D. |
| **Minimum Hours Requirement:** | Employees must be working at least 20 hours per week. |
| **Employment Waiting Period:** | None. |
| **Elimination Period:** | The longer of 29 months and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave. |

**Benefits begin the day after the Elimination Period is completed.**

If, however, you are age 66 or older when disabled, your Elimination Period is the number of months as determined from the following table:

| Age When Disabled: | Benefits Begin After |
|---|---|
| 66 | 26 months |
| 67 | 23 months |
| 68 | 20 months |
| 69 and over | 17 months |

**Benefits begin the day after the Elimination Period is completed.**

| | |
|---|---|
| **Monthly Benefit:** | Your monthly benefit depends on the Option for which you are enrolled. |
| | Option 1: 40% of your monthly earnings, but not more than the Maximum Monthly Benefit. |
| | Option 2: 50% of your monthly earnings, but not more than the Maximum Monthly Benefit. |

Option 3: 60% of your monthly earnings, but not more than the Maximum Monthly Benefit.

Option 4: 70% of your monthly earnings, but not more than the Maximum Monthly Benefit.

Option 5: No coverage. Option 5 is only available if you are a retirement eligible employee or you certify that you have other coverage from another source in addition to Social Security.

Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage.

**Maximum Monthly Benefit:** $30,000.

**Maximum Period of Benefits:**

| Your Age on Date Disability Begins: | Your Maximum Benefit Duration*: |
| --- | --- |
| Under age 62 | To your Normal Retirement Age** |
| Age 62 | To your Normal Retirement Age**, but not less than 18 months |
| Age 63 | To your Normal Retirement Age**, but not less than 12 months |
| Age 64 or over | To your Normal Retirement Age**, but not less than 6 months |

No contributions are required for your coverage while you are receiving payments under this plan.

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

**\*\*Benefits will end if you elect a distribution of retirement benefits from RIGP or any other Employer's retirement plan (unless you were receiving them before you were disabled).**

**For this purpose a retirement plan means a defined benefit or defined contribution plan that provides benefits for your retirement and which is not funded wholly by your contributions. It does not include a profit-sharing plan, thrift, savings or stock ownership plans, or an individual retirement account (IRA), tax sheltered annuity (TSA), Keogh plan, 401(K) plan, or 403(B) plan. It also does not include Xerox Retiree medical benefits.**

**Cost of Coverage:** The long term disability plan is provided to you on a contributory basis. You will be informed of the amount of your contribution when you enroll.

**The above items are only highlights of your coverage. For a full description please read this entire Group Insurance Certificate.**

83500
CBH-LTD-10006                                                                        (03100-43)

**IMPORTANT INFORMATION FOR RESIDENTS OF CERTAIN STATES:**  There are state-specific requirements that may change the provisions under the coverage(s) described in this Group Insurance Certificate.  If you live in a state that has such requirements, those requirements will apply to your coverage(s) and are made a part of your Group Insurance Certificate.  Prudential has a website that describes these state-specific requirements.  You may access the website at www.prudential.com/etonline.  When you access the website, you will be asked to enter your state of residence and your Access Code.  **Your Access Code is 03100.**

If you are unable to access this website, want to receive a printed copy of these requirements or have any questions, call Prudential at 1-866-439-9026.

83500
CBH-LTD-10006

(03100-43)

# Table of Contents

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN ................................................................ 1

CERTIFICATE OF COVERAGE ................................................................................................ 5

GENERAL PROVISIONS ........................................................................................................ 6

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ................................................ 12

LONG TERM DISABILITY COVERAGE – OTHER BENEFIT FEATURES......................................... 24

LONG TERM DISABILITY COVERAGE – OTHER SERVICES ........................................................ 26

LONG TERM DISABILITY COVERAGE – REHABILITATION SERVICES ......................................... 27

LONG TERM DISABILITY COVERAGE - CLAIM INFORMATION ................................................... 28

GLOSSARY.......................................................................................................................... 31

The Prudential Insurance Company of America

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured.  You will want to read this certificate and keep it in a safe place.

Prudential has written this certificate in booklet format to be understandable to you.  If you should have any questions about the content or provisions, please consult Prudential's claims paying office.  Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

## Prudential's Address

The Prudential Insurance Company of America
751 Broad Street
Newark, New Jersey 07102

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you:

- the coverage to which you may be entitled;
- to whom Prudential will make a payment; and
- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage.

*We, us, and our* means The Prudential Insurance Company of America.

*Employee* means a person who is in *active employment* with the *Employer* for the minimum hours requirement.

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 20 hours per week. If you are a partner or proprietor of the Employer, that work must be in the conduct of the Employer's business.

Your worksite must be:

- your Employer's usual place of business;
- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or
- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Employer* means the *Contract Holder*, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

*Contract Holder* means the Employer to whom the Group Contract is issued.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract.

83500
CGP-10005

6

(03100-43)

## When Are You Eligible for Coverage?

If you are working for your Employer in a *covered class*, the date you are eligible for coverage is the later of:

- the plan's program date; and

- the day after you complete your *employment waiting period*.

You do not have to complete a new employment waiting period if:

- your insurance ends because you stop working for your Employer for any reason; and

- you resume working for your Employer in a covered class within 6 months after your insurance ended.

*Covered class* means your class as determined by the Contract Holder. This will be done under the Contract Holder's rules, on dates the Contract Holder sets. The Contract Holder must not discriminate among persons in like situations. You cannot belong to more than one class for insurance on each basis, Contributory or Non-contributory Insurance, under a plan. "Class" means covered class, benefit class or anything related to work, such as position or earnings, which affects the insurance available. If you are an employee of more than one Employer included under the Group Contract, for the insurance you will be considered an employee of only one of those Employers. Your service with the others will be treated as service with that one.

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the later of:

- the date you are eligible for coverage; and

- the date you are in active employment. If you are not in active employment on the date your coverage would normally begin, it will begin on the date you return to active employment.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of:

- the date you are eligible for coverage, if you enroll for it on or before that date;

- the date you enroll for coverage, if you enroll for it within 31 days after the date you are eligible for coverage;

- the date designated by the employer, if you enroll during the *annual enrollment period;*

- the date Prudential approves your application, if *evidence of insurability* is required; or

83500
CGP-10005

(03100-43)

- the date you are in active employment. If you are not in active employment on the date your coverage would normally begin, it will begin on the date you return to active employment.

The Contract Holder may not waive an evidence of insurability requirement for any reason.

**Changing Options at Service Anniversary or during an Annual Enrollment Period:** After initially becoming covered, you may only change your coverage option on the anniversary of 12 months of service or during an Annual Enrollment Period.

On the anniversary of 12 months of service, you may re-enroll. If you do not re-enroll, you will automatically be enrolled for coverage under Option 2. If you add or increase coverage, you must provide evidence of insurability to Prudential. Any coverage which is added or increased will be subject to the Benefit Limitations described under the Employee Long Term Disability Coverage.

All coverage elected on the anniversary of 12 months of service will become effective on the anniversary date. But, if evidence is required, coverage will become effective on the date Prudential determines your evidence of insurability is acceptable, if later.

You may elect to change your option during an Annual Enrollment Period. If you add or increase coverage, you must provide evidence of insurability to Prudential. Any coverage which is added or increased will be subject to the Benefit Limitations described under the Employee Long Term Disability Coverage.

All coverage elected during an Annual Enrollment Period will become effective on:

(1) the January 1 next following the Annual Enrollment Period; or

(2) the date Prudential determines your evidence of insurability to be acceptable, if such is required.

You must enroll in a format approved by Prudential and agree to pay the required contributions.

**Annual Enrollment Period:** There is a period each year when you may enroll for coverage or request a change for the following calendar year. Your Employer will notify you of when this Annual Enrollment Period begins and ends.

**Evidence of insurability** means a statement of your medical history which Prudential will use to determine if you are approved for coverage.

## When Is Evidence of Insurability Required?

In any of these situations, you must give evidence of insurability, provided at your expense. This requirement will be met when Prudential decides the evidence is satisfactory.

- When you and your Employer share the cost of your coverage under a plan, you enroll for coverage more than 31 days after the date you are eligible for it.

- You elect an increase in your coverage by enrolling in another plan option more than 31 days after you are eligible for that plan option. This applies to an increase in your coverage elected on the anniversary of 12 months of service or during the annual enrollment period.

- You re-enroll for coverage after you voluntarily cancelled it.

- You enroll after any coverage ends because you did not pay a required contribution.

- You have not met a previous evidence requirement to become covered under any plan the Employer has with Prudential.

An evidence of insurability form can be obtained from your Employer.

## How Do You Enroll For Coverage?

You must enroll on a form approved by Prudential and agree to pay the required contributions.

## When May You Elect to Change Your Coverage?

Once your coverage begins, you may elect to change your coverage only on the anniversary of 12 months of service or during the annual enrollment period.

On the anniversary of 12 months of service, you may re-enroll and elect to change your coverage. If you do not re-enroll, you will be automatically be enrolled for coverage under Option 2. You must elect to change your coverage on a form approved by Prudential and agree to pay the required contributions.

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect on the latest of:

1.  the effective date of the change, if you are:

    - in active employment;

    - on a temporary layoff;

    - on leave of absence; or

    - working *reduced hours*, for reasons other than disability.

2.  the date Prudential approves your application, if evidence of insurability is required; or

3.  the date you return to active employment, if you are not in active employment due to injury or sickness.

An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a *payable claim* that occurs prior to the increase or decrease.

*Reduced hours* means you are working less than the number of hours required to be considered in active employment.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

83500
CGP-10005

(03100-43)

### Once Your Coverage Begins, What Happens If You Are Temporarily Not Working Or If You Are Working Reduced Hours?

If you are on a ***temporary layoff***, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins.

If you are on a ***leave of absence***, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins. But, with respect to leave of absence under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, if it is your employer's policy to allow a longer period of continued coverage for FMLA leaves, this policy will be used to determine the period of continued coverage for your FMLA leave. Continuation of such coverage pursuant to this provision is contingent upon Prudential's timely receipt of premium payments and written confirmation of your FMLA leave by your Employer.

If you are working reduced hours, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

***Temporary layoff*** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

***Leave of absence*** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time or any period of disability is not considered a leave of absence.

### When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

- the date the Group Contract or a plan is canceled;

- the date you are no longer a member of the covered classes;

- the date your covered class is no longer covered;

- the last day of the period for which you made any required contributions;

- the last day you are in active employment except as provided under the Once Your Coverage Begins, What Happens If You Are Temporarily Not Working Or If You Are Working Reduced Hours? section; or

- the date you are no longer in active employment due to a disability that is not covered under the plan. The disabilities that are not covered are shown in the What Disabilities Are Not Covered Under Your Plan? section of the Long Term Disability Coverage Benefit Information pages.

### Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

### Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential.

### Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any, to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

### How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or

- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and

- make a fair adjustment of the premium.

83500
CGP-10005

(03100-43)

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that due to your **sickness** or **injury:**

- you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and

- you are under the **regular care** of a **doctor.**

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:

- your doctors; and

- doctors, other medical practitioners or vocational experts of our choice.

When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

**Sickness** means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

**Injury** means a bodily injury that:

- is the direct result of an accident;

- is not related to any cause other than the accident; and

- results in immediate disability.

Disability must begin while you are covered under the plan.

**Regular care** means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

***Doctor*** means a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

***Gainful occupation*** means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds 60% of your indexed monthly earnings.

***Indexed monthly earnings*** means your monthly earnings as adjusted on each January 1 provided you were disabled for all of the 12 months before that date.  Your monthly earnings will be adjusted on that date by the lesser of 4% or the current annual percentage increase in the Consumer Price Index.  Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor.  Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your ***elimination period***.

The longer of 29 months and the length of time for which you receive loss of time benefits, salary continuation or accumulated sick leave.

**Benefits begin the day after the Elimination Period is completed.**

If, however, you are age 66 or older when disabled, your elimination period is the number of months as determined from the following table:

| Age When Disabled: | Benefits Begin After |
|---|---|
| 66 | 26 months |
| 67 | 23 months |

| 68 | 20 months |
| 69 and over | 17 months |

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential. If you become covered under a group long term disability plan that replaces this plan during your elimination period, your elimination period under this plan will not be met.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

If you are receiving Social Security Disability Benefits, we will follow this process to figure out your *monthly payment*:

1. Multiply your *monthly earnings* by 40% if you are enrolled in Option 1.

   Multiply your monthly earnings by 50% if you are enrolled in Option 2.

   Multiply your monthly earnings by 60% if you are enrolled in Option 3.

   Multiply your monthly earnings by 70% if you are enrolled in Option 4.

2. The *maximum monthly benefit* is $30,000.

3. Compare the answer in item 1 with the maximum monthly benefit. The lesser of these two amounts if your *gross disability payment*.

4. Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your monthly payment.

If you are not receiving Social Security Disability Benefits, your monthly payment will be the lesser of 5 and 6:

5. Your gross disability payment minus any deductible sources of income.

6. Your monthly benefit option, as follows:

   25% of your monthly earnings if you are enrolled in Option 1.

   30% of your monthly earnings if you are enrolled in Option 2.

   35% of your monthly earnings if you are enrolled in Option 3.

   40% of your monthly earnings if you are enrolled in Option 4.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly Earnings* means your monthly base salary as of the date your disability begins (prior to any before-tax and/or salary redirection). These earnings do not include:

(1)   overtime pay; or

(2)   shift differentials; or

(3)   any other form of extra compensation.

For Selling Employees on an Incentive Compensation Plan, monthly earnings are based on 100% Annualized Salary Rate immediately preceding the effective date of disability, divided by 12. The 100% Annualized Salary Rate is determined by dividing your base salary by the percentage the base salary represents as part of total targeted compensation plan. For example, if you are on a 60/40 Incentive Compensation Plan with a $45,000 annualized base salary, the 100% Annualized Salary rate is $75,000 ($45,000 divided by .60).

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## How Much Will Prudential Pay If You Work While You Are Disabled?

If you are disabled and return to work after satisfying the elimination period, your monthly payment will be the least of the 1, 2, and 3 below:

1.   (a)   Calculate your lost income. Your lost income is determined by subtracting your monthly *disability earnings* from your monthly earnings.

  (b)   Multiply your lost income by the following percentage:

- 40%, if you are enrolled in Option1.

- 50%, if you are enrolled in Option 2.

- 60%, if you are enrolled in Option 3.

- 70%, if you are enrolled in Option 4.

  (c)   Subtract any deductible sources of income from the answer in item 1 (b).

2.   Multiply your monthly earnings by the following percentage:

- 25%, if you are enrolled in Option1.

- 30%, if you are enrolled in Option 2.
- 35%, if you are enrolled in Option 3.
- 40%, if you are enrolled in Option 4.

3. (a)   Multiply your monthly earnings by 75%.

  (b)   Subtract your monthly disability earnings from the answer in item 3 (a).

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

*Disability earnings* means the earnings which you receive while you are disabled and working, this would be, based on your restrictions and limitations, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings.

We will not pay you for any month during which disability earnings exceed the above amounts.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1. The amount that you receive or are entitled to receive as loss of time benefits under:

   (a)   a workers' compensation law;

   (b)   an occupational disease law; or

   (c)   any other *act* or *law* with similar intent.

2. The amount that you receive or are entitled to receive as loss of time disability income payments under any:

   (a)   state compulsory benefit act or law;

     (b)   automobile liability insurance policy required by law; or

     (c)   insurance or a health or welfare plan or other employee benefit plan where the Employer, directly or indirectly, has paid all or part of the cost or made payroll deductions.

     (d)   group plan offered through employment or membership in a group, an association, union or other organization.

3.    The gross amount that you receive or are entitled to receive as loss of time disability payments because of your disability under:

     (a)   the United States Social Security Act;

     (b)   the Railroad Retirement Act;

     (c)   the Canada Pension Plan;

     (d)   the Quebec Pension Plan; or

     (e)   any similar **plan** or **act**.

4.    The amount that you receive as disability payments under your Employer's **retirement plan**.

Disability payments under a retirement plan will be those benefits which are paid due to disability and do not reduce the retirement benefits which would have been paid if the disability had not occurred.

Amounts received do not include amounts rolled over or transferred to any eligible retirement plan.  Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

5.    The amount you receive under the maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

6.    The amount that you receive, due to your disability, from a third party (after subtracting attorney's fees) by judgment, settlement or otherwise, and as permitted by Connecticut state law.

7.    The amount of loss of time benefits that you receive or are entitled to receive under any **salary continuation or accumulated sick leave**.

8.    Individual disability income benefits that you receive or are entitled to receive to the extent to which the Employer has paid toward the cost.

9.    The amount that you receive or are entitled to receive under any unemployment income act or law due to the end of employment with your employer.

Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

*Retirement plan* means a defined benefit or defined contribution plan that provides benefits for your retirement and which is not funded wholly by your contributions. It does not include a profit-sharing plan, thrift, savings or stock ownership plans, or an individual retirement account (IRA), tax sheltered annuity (TSA), Keogh plan, 401(K) plan, or 403(B) plan. It also does not include Xerox Retiree medical benefits.

*Salary continuation or accumulated sick leave* means continued payments to you by your Employer of all or part of your monthly earnings, after you become disabled as defined by the Group Contract. This continued payment must be part of an established plan maintained by your Employer for the benefit of an employee covered under the Group Contract. Salary continuation or accumulated sick leave does not include compensation paid to you by your Employer for work you actually perform after your disability begins. Such compensation is considered disability earnings, and would be taken into account as such, in calculating your monthly payment.

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;
- profit sharing plans;
- thrift plans;
- tax sheltered annuities;
- stock ownership plans;
- non-qualified plans of deferred compensation;
- pension plans for partners;
- military pension and disability income plans;
- credit disability insurance;
- franchise disability income plans;
- automobile liability insurance;
- a retirement plan from another Employer;
- individual retirement accounts (IRA).

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

The minimum monthly payment is $100.00.

Prudential may apply this amount toward an outstanding overpayment.

## What Happens When You Receive an Increase from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment due to an increase from that source.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may qualify for benefits under item 1, 2, or 3 in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been awarded.

However, we will NOT reduce your payment by the estimated amount under item 1, 2, or 3 in the deductible sources of income section if you:

- apply for the benefits;
- appeal any denial to all administrative levels Prudential feels are necessary; and
- sign Prudential's Reimbursement Agreement form. This form states that you promise to pay us any overpayment caused by an award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or
- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

If we determine that you may qualify for benefits under item 5 in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amount if such benefits have not been received.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount received; or
- that benefits have been denied. In this case, a lump sum refund of the estimated amount will be made to you.

## What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the *maximum period of payment*. Your maximum period of payment is:

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
|---|---|
| Under age 62 | To your normal retirement age* |
| Age 62 | To your normal retirement age*, but not less than 18 months |
| Age 63 | To your normal retirement age*, but not less than 12 months |
| Age 64 and over | To your normal retirement age*, but not less than 6 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

We will stop sending you payments and your claim will end on the earliest of the following:

1. The end of the maximum period of payment.

2. The date you are no longer disabled under the terms of the plan.

3. The date you fail to submit proof of continuing disability satisfactory to Prudential.

4. The date your disability earnings exceed the amount allowable under the plan.

5. The date you elect a distribution of retirement benefits from Xerox's Retirement Income Guarantee Plan (RIGP) or any other employer's retirement plan (unless you were receiving them before you were disabled).

6. The date you die.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

## What Disabilities Have a Benefit Limitation?

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* have a benefit limitation.

In that case, benefits are payable for one or more periods of your disability:

1. only while you are *confined* in a *hospital or institution*; or

2. if not confined in a hospital, for not more than 24 months during your lifetime, in the aggregate, under this coverage and under any plan of long term disability benefits provided by the Employer.

But, benefits are not payable for more than the maximum period of payment.

Prudential will not apply the mental illness limitation to dementia if it is a result of:

• stroke;

• trauma;

83500
CBI-LTD-10047                                                                  (03100-43)

20

- viral infection;

- Alzheimer's disease; or

- other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

**Mental illness** means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

**Confined** for this section means a hospital stay of at least 8 hours per day.

**Hospital or institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

- intentionally self-inflicted injuries;

- commission of a felony for which you have been convicted under state or federal law; or

- engaging in an occupation which a court of law has found to be illegal.

If you enroll for coverage more than 31 days after the date you are eligible for it, your plan does not cover a disability due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if both 1. and 2. are true:

1. You received medical treatment, consultation, care or services, including diagnostic measures, or took prescribed drugs or medicines, or followed treatment recommendation in the 180 days just prior to your effective date of coverage or the date an increase in benefits would otherwise be available; or

2. Your disability begins within 12 months of the date your coverage under the plan becomes effective.

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment of the plan or your enrollment in another plan option, a benefit limit will apply if your disability is due to a pre-existing condition.

83500
CBI-LTD-10047

(03100-43)

You will be limited to the benefits you had on the day before the increase. The increase will not take effect until your disability ends.

## How Do the Pre-Existing Condition Provisions Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your Employer's prior plan and:

- you were covered by that plan on the day before this plan became effective; and

- you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1. If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then a pre-existing condition will not be excluded or limited under this plan.

2. If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the limited time does not end after the first 12 months of coverage. Instead it will end on the date any equivalent limit would have ended under the Employer's prior plan.

3. If the change from your Employer's prior plan to this plan of coverage would result in an increase in your amount of benefits, the benefits for your disability that is due to a pre-existing sickness or injury will not increase. Instead the benefits are limited to the amount you had on the day before the plan change. This applies whether or not the Employer's prior plan had a pre-existing condition exclusion or limitation.

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a **recurrent disability**, as determined by Prudential, we will treat your disability as part of your prior claim and you will not have to complete another elimination period if:

- you were continuously insured under this plan for the period between your prior claim and your current disability; and

- your recurrent disability occurs within 90 days of the end of your prior claim.

Your recurrent disability will be subject to the same terms of the plan as your prior claim. Any disability which occurs after 90 days from the date your prior claim ended will be treated as a new claim. The new claim will be subject to all of the plan provisions.

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

**Recurrent disability** means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

# Long Term Disability Coverage

## OTHER BENEFIT FEATURES

### What Benefits Will be Provided to Your Family If You Die? (Survivor Benefit)

When Prudential receives proof that you have died, we will pay your *eligible survivor* a survivor benefit equal to 3 months of your gross disability payment.

The survivor benefit will be paid if, on the date of your death:

- your disability had continued for 12 consecutive months; and

- you were receiving or were entitled to receive payments under the plan.

If a benefit is payable to a person who is a minor or not capable of giving a valid release for any payment due, Prudential may, at its option, pay the amount payable to that person or to any person or institution that appears to Prudential to have assumed the custody and main support of that person. If any amount is so paid, Prudential will not have to pay that amount again.

If you have no eligible survivors, payment will be made to your estate.

However, we will first apply the survivor benefit to any overpayment which may exist on your claim.

*Eligible survivor* means your spouse, if living; otherwise, your children under age 23.

### What Insurance Is Available If You End Employment? (Conversion)

If you end employment with your Employer, your coverage under the plan will end. You may be eligible to purchase insurance under Prudential's group conversion policy. To be eligible, you must have been insured under your Employer's group plan for at least 12 consecutive months. We will consider the amount of time you were insured under the Prudential plan and the plan it replaced, if any.

You are not eligible to apply for coverage under Prudential's group conversion policy if:

- you are or become insured under another group long term disability plan within 60 days after your employment ends;

- you are disabled under the terms of the plan;

- you are age 70 or more when your employment ends;

- your coverage under the plan ends for any of the following reasons:

    -- the plan is canceled;

83500
COTB-LTD-1012

(03100-43)

-- the plan is changed to exclude the group of employees to which you belong;

-- you are no longer in an eligible group;

-- you retire;

-- you fail to pay the required premium under this plan.

You must apply for insurance under the conversion policy and pay the first premium to Prudential within 60 days after the date your employment ends. Evidence of insurability will be required for certain higher amounts of monthly payments.

Prudential will determine the coverage you will have under the conversion policy. The conversion policy may not be the same coverage we offered you under your Employer's group plan. It may be any form of conversion plan that we then make available. The benefits will comply with any state laws or regulations that may apply.

Your amount of coverage under the conversion plan will not be more than your amount under this plan when your coverage ends. It may be lower than under this plan.

Your rates for the conversion plan will be based on Prudential's rate as it applies to the form and amount of insurance it provides, the premium period and your age at the time of conversion. Your premiums will not be due less often than quarterly, unless you agree to another frequency.

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer. One of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work. This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse your Employer for the cost of the modification up to the greater of:

- $1000; or
- the equivalent of two months of your gross disability payment.

This benefit is available to you on a one time only basis.

### How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim and assist you with your application or appeal, if you are disabled under the plan.

Receiving Social Security disability benefits may enable:

- you to receive Medicare after 24 months of disability payments;
- you to protect your retirement benefits; and
- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation;
- obtaining medical and vocational evidence; and
- reimbursing pre-approved case management expenses.

# Long Term Disability Coverage

## REHABILITATION SERVICES

### How Can Prudential's Rehabilitation Program Help You Return to Work?

Prudential has a ***rehabilitation program*** available.

As your file is reviewed, medical and vocational information will be analyzed to determine if rehabilitation services might help you return to work.

Once the initial review is completed by our rehabilitation program specialists working along with your doctor and other appropriate specialists, Prudential may elect to offer you and pay for a rehabilitation program.  If the rehabilitation program is not developed by Prudential's rehabilitation program specialists, you must receive written approval from Prudential for the program before it begins.

The rehabilitation program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;

- evaluation of adaptive equipment to allow you to work;

- vocational evaluation to determine how your disability may impact your employment options;

- job placement services;

- resume preparation;

- job seeking skills training;

- retraining for a new occupation; or

- assistance with relocation that may be part of an approved rehabilitation program.

You are not required to participate in the rehabilitation program.

***Rehabilitation program*** means a program that is designed to assist you to return to work and is approved by your Doctor.

# Long Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner.  Written notice of a claim should be sent within 30 days after your elimination period ends.  If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

The claim form is available from your Employer, or you can request a claim form from us.  If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor.  Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

- That you are under the *regular care* of a *doctor*.

- Appropriate documentation of your monthly earnings.

- The date your disability began.

- Appropriate documentation of the disabling disorder.

- The extent of your disability, including restrictions and limitations preventing you from performing any gainful occupation.

- The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

- The name and address of any doctor you have seen.

For your Long Term Disability claim, we may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information (e.g., copies of your IRS federal income tax return, W-2's and 1099's) as part of your proof of claim, or proof of continuing disability. This proof, provided at your expense, must be received within 30 days of a request by us. Prudential will deny your claim or stop sending you payments if the appropriate information is not submitted.

**Regular care** means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

**Doctor** means a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

**Hospital or institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you. Payment will be made monthly. A benefit unpaid at your death will be paid to your estate. But, if any payment is owed to your estate, a person who is a minor, or a person not legally competent, Prudential may take this action. It may pay up to $1,000 to any of your relatives that in Prudential's opinion is entitled to such payment. Any such payment will fulfill Prudential's obligation for the amount paid. The provisions on these Claim Information pages apply to payment of the benefits.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;

- any error Prudential makes in processing a claim; and

- your receipt of deductible sources of income.

You must reimburse us in full.  We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

### What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

### How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud.  Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties.  These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law.  Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

# Glossary

***Active employment*** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation.  You must be working at least 20 hours per week.  If you are a partner or proprietor of the Employer, that work must be in the conduct of the Employer's business.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

***Annual Enrollment Period:***  There is a period each year when you may enroll for coverage or request a change for the following calendar year.  Your Employer will notify you of when this Annual Enrollment Period begins and ends

***Confined or confinement*** for this section means a hospital stay of at least 8 hours per day.

***Contract holder*** means the Employer to whom the Group Contract is issued.

***Covered class*** means your class as determined by the Contract Holder.  This will be done under the Contract Holder's rules, on dates the Contract Holder sets.  The Contract Holder must not discriminate among persons in like situations.  You cannot belong to more than one class for insurance on each basis, Contributory or Non-contributory Insurance, under a plan.  "Class" means covered class, benefit class or anything related to work, such as position or earnings, which affects the insurance available.  If you are an employee of more than one Employer included under the Group Contract, for the insurance you will be considered an employee of only one of those Employers.  Your service with the others will be treated as service with that one.

***Deductible sources of income*** means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled.  This income will be subtracted from your gross disability payment.

***Disability earnings*** means the earnings which you receive while you are disabled and working, this would be, based on your restrictions and limitations, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

***Doctor*** means a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

***Eligible survivor*** means your spouse, if living; otherwise, your children under age 25.

***Elimination period (LTD)*** means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential. If you become covered under a group long term disability plan that replaces this plan during your elimination period, your elimination period under this plan will not be met.

***Employee*** means a person who is in active employment with the Employer for the minimum hours requirement.

***Employer*** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

***Employment waiting period*** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

***Evidence of insurability*** means a statement of your medical history which Prudential will use to determine if you are approved for coverage.

***Gainful occupation*** means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds 60% of your indexed monthly earnings.

***Gross disability payment*** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

***Hospital or institution*** means an accredited facility licensed to provide care and treatment for the condition causing one's disability.

***Indexed monthly earnings*** means your monthly earnings as adjusted on each January 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 4% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

*Injury* means a bodily injury that:

- is the direct result of an accident;
- is not related to any cause other than the accident; and
- results in immediate disability.

Disability must begin while you are covered under the plan.

*Insured* means any person covered under a coverage.

*Law, plan or act* means the original enactment of the law, plan or act and all amendments.

*Leave of absence* means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement.  Your normal vacation time or any period of disability is not considered a leave of absence.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified.

*Maximum monthly benefit* means the maximum benefit amount for which you are insured under this plan as shown in the Benefits Highlights.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one disability.

*Mental illness* means a psychiatric or psychological condition regardless of cause.  Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions.  These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Monthly Earnings* means your monthly base salary as of the date your disability begins (prior to any before-tax and/or salary redirection).  These earnings do not include:

(1)  overtime pay; or

(2)  shift differentials; or

(3) any other form of extra compensation.

For Selling Employees on an Incentive Compensation Plan, monthly earnings are based on 100% Annualized Salary Rate immediately preceding the effective date of disability, divided by 12.  The 100% Annualized Salary Rate is determined by dividing your base salary by the percentage the base salary represents as part of total targeted compensation plan.  For example, if you are on a 60/40 Incentive Compensation Plan with a $45,000 annualized base salary, the 100% Annualized Salary rate is $75,000 ($45,000 divided by .60).

83500
CGL-1016

(03100-43)

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

**Monthly payment** means your payment after any deductible sources of income have been subtracted from your gross disability payment.

**Participation** means to actively take part.

**Payable claim** means a claim for which Prudential is liable under the terms of the Group Contract.

**Plan** means a line of coverage under the Group Contract.

**Recurrent disability** means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

**Reduced hours** means you are working less than the number of hours required to be considered in active employment.

**Regular care** means:

- one personally visits a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat one's disabling condition(s); and

- one is receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for one's disabling condition(s) by a doctor whose specialty or experience is the most appropriate for one's disabling condition(s), according to generally accepted medical standards.

**Rehabilitation program** means a program designed to assist you to return to work.

**Retirement plan** means a defined benefit or defined contribution plan that provides benefits for your retirement and which is not funded wholly by your contributions. It does not include a profit-sharing plan, thrift, savings or stock ownership plans, or an individual retirement account (IRA), tax sheltered annuity (TSA), Keogh plan, 401(K) plan, or 403(B) plan. It also does not include Xerox Retiree medical benefits.

**Salary continuation or accumulated sick leave (LTD)** means continued payments to you by your Employer of all or part of your monthly earnings, after you become disabled as defined by the Group Contract. This continued payment must be part of an established plan maintained by your Employer for the benefit of an employee covered under the Group Contract. Salary continuation or accumulated sick leave does not include compensation paid to you by your Employer for work you actually perform after your disability begins. Such compensation is considered disability earnings, and would be taken into account as such, in calculating your monthly payment.

**Sickness** means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

**Temporary layoff** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

*We, us, and our* means The Prudential Insurance Company of America.

*You* means a person who is eligible for Prudential coverage.

**This ERISA Statement**

**is not part of the**

**Group Insurance Certificate.**

# ERISA STATEMENT

**Plan Benefits Provided by**

The Prudential Insurance Company of America
751 Broad Street
Newark, New Jersey  07102

This Group Contract underwritten by The Prudential Insurance Company of America provides insured benefits under your Employer's ERISA plan(s).  For all purposes of this Group Contract, the Employer/Policyholder acts on its own behalf or as an agent of its employees.  Under no circumstances will the Employer/Policyholder be deemed the agent of The Prudential Insurance Company of America, absent a written authorization of such status executed between the Employer/Policyholder and The Prudential Insurance Company of America.  Nothing in these documents shall, of themselves, be deemed to be such written execution.

The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits.  The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

**Claim Procedures**

**1.  Determination of Benefits**

Prudential shall notify you of the claim determination within 45 days of the receipt of your claim.  This period may be extended by 30 days if such an extension is necessary due to matters beyond the control of the plan.  A written notice of the extension, the reason for the extension and the date by which the plan expects to decide your claim, shall be furnished to you within the initial 45-day period.  This period may be extended for an additional 30 days beyond the original 30-day extension if necessary due to matters beyond the control of the plan.  A written notice of the additional extension, the reason for the additional extension and the date by which the plan expects to decide on your claim, shall be furnished to you within the first 30-day extension period if an additional extension of time is needed.  However, if a period of time is extended due to your failure to submit information necessary to decide the claim, the period for making the benefit determination by Prudential will be tolled (i.e., suspended) from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If your claim for benefits is denied, in whole or in part, you or your authorized representative will receive a written notice from Prudential of your denial.  The notice will be written in a manner calculated to be understood by you and shall include:

(a)  the specific reason(s) for the denial,

(b)  references to the specific plan provisions on which the benefit determination was based,

(c)  a description of any additional material or information necessary for you to perfect a claim and an explanation of why such information is necessary,

(d)   a description of Prudential's appeals procedures and applicable time limits, including a statement of your right to bring a civil action under section 502(a) of ERISA following your appeals, and

(e)   if an adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, an explanation of the scientific or clinical judgment for the determination will be provided free of charge upon request.

**2.   Appeals of Adverse Determination**

If your claim for benefits is denied or if you do not receive a response to your claim within the appropriate time frame (in which case the claim for benefits is deemed to have been denied), you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied.  You may submit with your appeal any written comments, documents, records and any other information relating to your claim.  Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by Prudential, utilizing individuals not involved in the initial benefit determination.  This review will not afford any deference to the initial benefit determination.

Prudential shall make a determination on your claim appeal within 45 days of the receipt of your appeal request.  This period may be extended by up to an additional 45 days if Prudential determines that special circumstances require an extension of time.  A written notice of the extension, the reason for the extension and the date that Prudential expects to render a decision shall be furnished to you within the initial 45-day period.  However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled (i.e., suspended) from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial.  The notice will be written in a manner calculated to be understood by the applicant and shall include:

(a)   the specific reason(s) for the adverse determination,

(b)   references to the specific plan provisions on which the determination was based,

(c)   a statement that you are entitled to receive upon request and free of charge reasonable access to, and make copies of, all records, documents and other information relevant to your benefit claim upon request,

(d)   a description of Prudential's review procedures and applicable time limits,

(e)   a statement that you have the right to obtain upon request and free of charge, a copy of internal rules or guidelines relied upon in making this determination, and

(f)   a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA.

If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

If the appeal of your benefit claim is denied or if you do not receive a response to your appeal within the appropriate time frame (in which case the appeal is deemed to have been denied), you or your representative may make a second, voluntary appeal of your denial in writing to Prudential within 180 days of the receipt of the written notice of denial or 180 days from the date such claim is deemed denied. You may submit with your second appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim free of charge.

Prudential shall make a determination on your second claim appeal within 45 days of the receipt of your appeal request. This period may be extended by up to an additional 45 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension and the date by which Prudential expects to render a decision shall be furnished to you within the initial 45-day period. However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.

Your decision to submit a benefit dispute to this voluntary second level of appeal has no effect on your right to any other benefits under this plan. If you elect to initiate a lawsuit without submitting to a second level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies. If you elect to submit the dispute to the second level of appeal, the plan agrees that any statute of limitations or other defense based on timeliness is tolled during the time that the appeal is pending.

If the claim on appeal is denied in whole or in part for a second time, you will receive a written notification from Prudential of the denial. The notice will be written in a manner calculated to be understood by the applicant and shall include the same information that was included in the first adverse determination letter. If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal.

## Rights and Protections

As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA), as amended. ERISA provides that all plan participants shall be entitled to:

### Receive Information about Your Plan and Benefits

- Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Employee Benefits Security Administration.

- Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The plan administrator may make a reasonable charge for the copies.

- Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

**Prudent Actions by Plan Fiduciaries**

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

**Enforce Your Rights**

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Employee Benefits Security Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, DC 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefits Security Administration.

## RIDER TO BE ATTACHED TO YOUR CERTIFICATE

NOTICE OF CHANGE

**Covered Classes:** (1) All active, regular, full-time Employees employed by the Contract Holder who are not covered by a collective bargaining agreement between the Employer and a union, on the payroll of the Contract Holder.

(2) All Employees who are covered by a collective bargaining agreement between the Employer and Union Locals 14A, 14Y, 14M, 14K, and 1414D.

**Effective Date of Change:** The first day on or after August 1, 2012 on which you are insured (see the section of your Certificate entitled "When Does Your Coverage Begin?"). The section of your Certificate entitled "When Will Changes to Your Coverage Take Effect?" applies to this change.

**Group Contract No.:** DG-03100-CT

Your Certificate coded 3100, LTD, All Employees, Ed 10-2011, 43 is changed as follows:

- The **Covered Classes** section of the **Benefit Highlights** is replaced by the following:

    (1) All active, regular, full-time Employees employed by the Contract Holder who are not covered by a collective bargaining agreement between the Employer and a union, on the payroll of the Contract Holder.

    (2) All Employees who are covered by a collective bargaining agreement between the Employer and Union Locals 14A, 14Y, 14M, 14K, 1414D and IUOE Union.

All other provisions in your Certificate remain unchanged.

_____

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

## RIDER TO BE ATTACHED TO YOUR CERTIFICATE

NOTICE OF CHANGE

Covered Classes: (1) All active, regular, full-time Employees employed by the Contract Holder who are not covered by a collective bargaining agreement between the Employer and a union, on the payroll of the Contract Holder.

                (2) All Employees who are covered by a collective bargaining agreement between the Employer and Union Locals 14A, 14Y, 14M, 14K, and 1414D.

**Effective Date of Change:** The first day on or after August 1, 2012 on which you are insured (see the section of your Certificate entitled "When Does Your Coverage Begin?").  The section of your Certificate entitled "When Will Changes to Your Coverage Take Effect?" applies to this change.

**Group Contract No.:** DG-03100-CT

Your Certificate coded 3100, LTD, All Employees, Ed 10-2011, 43 is changed as follows:

- The **Covered Classes** section of the **Benefit Highlights** is replaced by the following:

  (1) All active, regular, full-time Employees employed by the Contract Holder who are not covered by a collective bargaining agreement between the Employer and a union, on the payroll of the Contract Holder.

  (2) All Employees who are covered by a collective bargaining agreement between the Employer and Union Locals 14A, 14Y, 14M, 14K, 1414D and IUOE Union.


All other provisions in your Certificate remain unchanged.

_____

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

# EXHIBIT D

Anthony J. Fernandez (Bar No. 018342)
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
2390 East Camelback Rd. Suite 440
Phoenix, Az. 85016
Telephone: 602-954-5605
Facsimile: 602-954-5606
afernandez@qpwblaw.com
Attorneys for Defendant
The Prudential Insurance Company of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RHONDA L. ORR,<br><br>          Plaintiff,<br><br>  v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation; JOHN DOES and JANE DOES I- X, BLACK CORPORATIONS I-X; WHITE PARTNERSHIPS.<br><br>          Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION** |

Pursuant to 28 U.S.C. §§1441, 1446 and Rule 3.6 of the Rules of the United States District Court for the District of Arizona, Defendant has removed this action to the United States District Court in and for the District of Arizona, Phoenix:

Pursuant to 28 UU.S.C. § 1446, this Court shall take no more action in this case, unless the case is remanded. A copy of the Notice of Removal filed with the United States district Court, without exhibits, is attached as Exhibit 1.

1

22755892v.1

DATED: November 30, 2015

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER

s/ Anthony J. Fernandez
Anthony J. Fernandez

22755892v.1

1

## CERTIFICATE OF SERVICE

2

3     I hereby certify that on this 30th day of November, 2015, I served the attached document

4     by U.S. Mail and email on the following, who are not registered participants of the CM/ECF

      System:

5

6        Richard S. Plattner, Esq. (005019)
         **PLATTNER VERDERAME, P.C.**

7        P.O. Box 36570
         Phoenix, Arizona 85067-6570

8        *Attorneys for Plaintiff*

9

         Tanveer A. Shah, Esq. (030333)

10       **VIPER LAW GROUP**

         1204 E. Baseline Road, Ste. 102

11       Tempe, Arizona 85283

12       *Attorneys for Plaintiff*

13

14

15                                                         /s/ Anthony J. Fernandez

16

17

18

19

20

21

22

23

24

25

26

3